**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-14201-CIV-ALTMAN**

**MARK EUGENE DEFFENDALL**,

     *Plaintiff,*

*v.*

**SGT. KENNETH STINSON**, *et al.,*

     *Defendants.*

_____/

**<u>ORDER</u>**

Our Plaintiff, Mark Eugene Deffendall, accuses four of the Defendants—Sergeant Stinson, Officer Brown, Officer Bryant, and Officer Hamilton—of violating his constitutional rights when they "placed a knowingly [sic] violent detainee (Eddie Gibson) in the same jail cell as [Deffendall]." Amended Complaint [ECF No. 14] at 6; *see also* Screening Order [ECF No. 15] at 4 ("Deffendall has plausibly alleged that these four Defendants violated his Eighth Amendment rights by refusing to protect him from a violent inmate."). Those Defendants have now filed a Motion for Judgment on the Pleadings under FED. R. CIV. P. 12(c), arguing that Deffendall "clearly failed to exhaust the available administrative remedies as it relates to the April 20, 2017 attack by inmate Gibson before filing this federal lawsuit[.]" Motion for Judgment on the Pleadings (the "MJP") [ECF No. 67] at 10. The MJP is now fully briefed. *See* Response to MJP [ECF No. 74]; Reply to MJP [ECF No. 75]. After careful review, we **DENY** the MJP because the Defendants waived their right to rely on an exhaustion defense.

\*     \*     \*

Under the Prison Litigation Reform Act (the "PLRA"), a prisoner is barred from bringing a federal lawsuit concerning his or her prison conditions "until such administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(a). Although Deffendall said in his Amended Complaint that "he filed grievances describing the incident, which went unanswered," a review of his grievance history in the Indian River County Jail revealed that he "filed no grievances regarding the attack by inmate Gibson . . . [or] the allegations that Defendants Brown, Bryant, Stinson, and Hamilton knew about it but failed to protect him from the attack." MJP at 9; *see also* Deffendall's Grievance History [ECF No. 67-1] at 11–279.

In response, Deffendall advances two arguments. *First*, he insists that he *did* file grievances about the Defendants' complicity in the Gibson attack, and he's attached copies of those grievances to his Response. *See* Response at 3; *see also* April 22, 2017 Grievance [ECF No. 74-1]; April 28, 2017 Grievance [ECF No. 74-2]; June 22, 2017 Grievance [ECF No. 74-3]. *Second*, he contends that he *couldn't* file a proper grievance in the Indian County Jail because "[a]ny reasonable prisoner reading the Grievance Procedure would conclude that it does not apply to a failure to protect claim based on an attack by another inmate." Response at 4. We needn't address either of these arguments, however, because the Defendants have waived their right to an exhaustion defense.

"Because exhaustion of administrative remedies is a matter of abatement and not generally an adjudication on the merits," exhaustion defenses "should be decided [in] *a Rule 12(b) motion to dismiss*[.]" *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (emphasis added). The MJP, of course, is a Rule *12(c)* motion. Normally, this wouldn't be such a big deal because the Eleventh Circuit has told us to reconstrue motions that advance an exhaustion defense under the PLRA as 12(b)(6) motions. *See id.* at 1374–75 ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment. (cleaned up)). The real problem is that these same four Defendants have *already* filed a Rule 12(b)(6) motion to dismiss, in which they argued that Deffendall's claims were "barred by the statute of limitations[.]" Motion to Dismiss [ECF No. 36] at 3. We denied the Motion

to Dismiss, finding that, under the prison mailbox rule, "Deffendall's claims would be timely so long as he delivered his Complaint to prison officials for mailing on or before April 20, 2021," which he had. Order Denying Motion to Dismiss [ECF No. 37] at 3. That first motion to dismiss never mentioned the central question we're facing here—PLRA exhaustion. In any event, with that first Rule 12 motion now behind them, the Defendants run headlong into Rule 12(g)(2), which forbids a defendant from filing a second Rule 12 motion that "rais[es] a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2).

And the Eleventh Circuit has already handled a strikingly similar case. In *Brooks v. Warden*, 706 F. App'x 965 (11th Cir. 2017), the defendant "moved to dismiss Mr. Brooks's complaint for failure to state a claim under [Rule 12(b)(6)]. [The defendant] did not mention the idea that Mr. Brooks failed to exhaust administrative remedies as required by the PLRA." *Id.* at 967. When that first motion failed, the defendant filed a "motion for judgment on the pleadings under Rule 12(c)—arguing that Mr. Brooks's suit should be dismissed as he failed to exhaust his administrative remedies." *Ibid.* (cleaned up). The district court granted the defendant's 12(c) motion, and Brooks appealed, arguing that the defendant had *waived* his exhaustion defense "because he failed to raise this defense in his earlier motions under Rule 12." *Ibid.* (cleaned up). The Eleventh Circuit agreed with Brooks and reversed the district court, holding that Rule 12(g)(2) prevented the defendant from raising his exhaustion defense for the first time in a second Rule 12 motion. *See id.* at 969 ("Because Deputy Powell did not raise the exhaustion defense in his first motion to dismiss under Rule 12, he 'must not make another motion under this rule raising that defense.'" (quoting FED. R. CIV. P. 12(g)(2)).[1] Since the Defendants had the

---

[1] The Eleventh Circuit went on to explain that a PLRA exhaustion defense doesn't qualify for any of the exceptions laid out in Rules 12(h)(2) and (h)(3). Rule 12(h)(2) doesn't apply (the Circuit said) because an exhaustion defense "is not a failure-to-state-a-claim defense"; it is, instead, "independent from the merits of the plaintiff's claim." *Brooks*, 706 F. App'x at 969 (citing *Bryant*, 530 F.3d at 1376 n.12). And (the court continued), because "the PLRA exhaustion requirement is not jurisdictional," it cannot be raised *at any time* under Rule 12(h)(3). *Ibid.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 101 (2006)).

opportunity to raise a PLRA exhaustion defense in their first Rule 12 motion (but didn't), we find—as the Eleventh Circuit did in *Brooks*—that their "untimely assertion of the exhaustion defense was procedurally bared under Rule 12(g)(2)[.]" *Id.* at 970.

We recognize (of course) that *Brooks* is an unpublished decision and that "[u]npublished opinions are not binding precedent." *United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013). Still, we choose to follow *Brooks* for three reasons. *One*, unpublished decisions "may [still] be cited as persuasive authority," especially where (as here) the factual and legal issues between the unpublished case and ours are virtually identical. *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1138 n.4 (11th Cir. 2004); *cf. Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants. [The unpublished opinion] is not persuasive because its facts are materially different from this case.").

*Two*, courts around our Circuit have consistently applied *Brooks* in rejecting a defendant's attempt to raise an exhaustion defense for the first time in a second Rule 12 motion. *See, e.g., Sherman v. Quest*, 2020 WL 6791100, at *8 (S.D. Fla. Nov. 19, 2020) (Altman, J.) ("But, again, 'a defendant must raise the exhaustion defense in his first Rule 12 motion, otherwise the defense is forfeited and cannot be raised in a later motion under Rule 12.' . . . After all, Rule 12(g)(2)'s forfeiture provision is triggered when a defendant fails to raise an argument in his first motion to dismiss." (quoting *Brooks*, 706 F. App'x at 968)); *Ford v. Hayes*, 2018 WL 3831167, at *6 n.8 (M.D. Fla. Aug. 13, 2018) (Corrigan, J.) ("Defendants argue that Plaintiff failed to exhaust his administrative remedies for the February 17, 2014 allegations. Because Defendants failed to raise this exhaustion defense in their first motion to dismiss, they forfeited the right to raise the defense in a subsequent motion." (cleaned up)); *Oliver v. Whitehead*, 2017 WL 5187752, at *2 (M.D. Fla. Nov. 9, 2017) (Davis, J.) ("Defendant Espino could have raised the exhaustion requirement as a defense in his previous motion, but he did not. Pursuant to Rule 12(g)(2), he is prohibited from raising exhaustion at this juncture since he failed to raise it in

his first motion."); *see also Donaldson v. Hawkins*, 2022 WL 4110534, at \*2 (N.D. Fla. Aug. 9, 2022) (Fitzpatrick, Mag. J.) ("In this case, Defendants cannot raise the affirmative defense of exhaustion in their motion for summary judgment since they previously filed a motion to dismiss which failed to raise this issue." (citing *Brooks*, 706 F. App'x at 969)), *report and recommendation adopted*, 2022 WL 4110158 (N.D. Fla. Sept. 8, 2022) (Stafford, J.).

*Three*, *Brooks*'s holding makes sense. The language of Rule 12(g)(2) unambiguously forbids a party from filing multiple Rule 12 motions. *See* FED. R. CIV. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense objection that was available to the party but omitted from its earlier motion."); *see also Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002) ("Furthermore, Rule 12(g) specifically prohibits a party that has previously filed a motion to dismiss from filing a second pre-answer motion to dismiss raising an omitted defense that could have been presented in the first motion to dismiss[.]"). Plus, unlike other defenses, PLRA exhaustion has *nothing* to do with a district court's jurisdiction—and it *doesn't* implicate the merits of a plaintiff's allegations. *See Woodford*, 548 U.S. at 101 ("[T]he PLRA exhaustion requirement is not jurisdictional[.]"); *Bryant*, 530 F.3d at 1376 ("[E]xhaustion . . . is treated as a matter in abatement and not an adjudication on the merits."). Since exhaustion is a "non-jurisdictional claim-processing rule, the exhaustion defense is subject to forfeiture under Rule 12(g)(2)." *Brooks*, 706 F. App'x at 969; *see also Sherman*, 2020 WL 6791100, at \*8 ("Allowing defendants to re-raise, at every inflection point, these ever-evolving permutations of a failure-to-exhaust motion would facilitate—rather than discourage— piecemeal litigation and eviscerate Rule 12's interest in finality.").

\*     \*     \*

Accordingly, we hereby **ORDER and ADJUDGE** that the Defendants' Motion for Judgment on the Pleadings [ECF No. 67] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on June 9, 2023.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record